JOHN R. GREEN
Acting United States Attorney
C. LEVI MARTIN (WY 6-3781)
Assistant United States Attorney
2120 Capitol Avenue, Room 4002
Cheyenne, Wyoming 82001
Telephone: (307) 772-2124
Email: Christopher.Martin@usdoj.gov

LANDON M. YOST (CA 267847) *pro hac vice pending*
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
Telephone:    (202) 307-2144
Email: Landon.M.Yost@usdoj.gov

Attorneys for the United States

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | Civil No. 17-CV-113-J |
| **ROBERT F. LAIN, AMELIA LAIN, and SEPTEMBER LIBERTY TRUST,** | **COMPLAINT** |
| **Defendants.** | |

The plaintiff, the United States of America, complains and alleges as follows:

### INTRODUCTION

1.     This is a civil action timely brought by the United States to: (i) reduce to judgment the outstanding federal tax assessments against Defendant Robert F. Lain ("Lain"); (ii) find that a parcel of real property (the "Subject Property"), located in Sublette County, Wyoming, described more completely below, is held by a nominee/alter-ego/constructive trust of

Lain; (iii) to foreclose federal tax liens on the Subject Property; and (iv) to sell the Subject Property, and distribute the proceeds from such sale in accordance with the Court's findings as to the validity and priority of the liens and claims of all parties.

## AUTHORIZATION FOR SUIT

2.     This action is commenced pursuant to 26 U.S.C. §§ 7401, 7402, and 7403 at the direction of the Attorney General of the United States and at the request, and with the authorization of, the Chief Counsel of the Internal Revenue Service (the "IRS"), a delegate of the Secretary of the Treasury of the United States.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

4.     Venue properly lies in in the District of Wyoming pursuant to 28 U.S.C. §§ 1391 and 1396, because Lain resides in the District of Wyoming and because the Subject Property at issue is located within the District of Wyoming.

## DEFENDANTS

5.     Lain resides at 3 Chapel Road, Big Piney, Wyoming 83113, within this judicial district, and is made a party to this suit because he has unpaid federal tax liabilities, because the United States has federal tax liens against him, and because he has an ownership interest in the Subject Property.

6.     Defendant Amelia Lain also resides at 3 Chapel Road, Big Piney, Wyoming 83113, within this judicial district, and is made a party to this suit pursuant to 26 U.S.C. § 7403(b) because she may claim an interest in the Subject Property.

2

7.     Defendant September Liberty Trust is made a party to this suit pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the Subject Property.

8.     Based upon information and belief, Lain created September Liberty Trust and is a trustee for September Liberty Trust.

**THE SUBJECT PROPERTY**

9.     The United States seeks to foreclose federal tax liens against real property that is commonly known as at 3 Chapel Road, Big Piney, Wyoming 83113, and legally described as follows:

Parcel # 09-00-02935

3 Chapel 23-137

T30N, R111W, SEC 13, NENE

("Subject Property").

10.     By Contract Agreement dated June 1, 1997, but recorded December 22, 2009, Amelia Lain purportedly agreed to buy the Subject Property from Ron and Faye White for the amount reflected on a promissory note, and these parties purportedly agreed that when the last payment was made on the promissory note, that Ron and Faye White would "sign over deed and title to Amelia Lain or to what ever [sic] name they [sic] ask that the title be placed."

11.     By Warranty Deed recorded March 4, 2011, Ronald and Marilyn Fay White purportedly conveyed the subject property to September Liberty Trust, for the recited consideration of $96,000.

**RECORDED TAX LIENS AGAINST THE PROPERTY**

12.     In accordance with 26 U.S.C. § 6323(f), on May 21, 2013, a duly authorized delegate of the Secretary of the Treasury timely and properly filed a Notice of Federal Tax Lien

3

with the County Clerk for Sublette County, Wyoming, against Lain for unpaid federal income

tax liabilities for tax years 1995-1996, and 1998-2005.

13.     In accordance with 26 U.S.C. § 6323(f), on December 6, 2016, a duly authorized

delegate of the Secretary of the Treasury timely and properly filed a nominee Notice of Federal

Tax Lien with the County Clerk for Sublette County, Wyoming, against September Liberty

Trust, as the nominee of Lain, for Lain's unpaid federal income tax liabilities for tax years 1995-

1996, and 1998-2005.

## COUNT ONE: REDUCE FEDERAL TAX ASSESSMENTS AGAINST LAIN TO JUDGMENT

14.     The United States incorporates the allegations stated in paragraphs 1 through 13,

above.

15.     On the dates, in the amounts, and for the tax periods set forth below, a duly

authorized delegate of the Secretary of the Treasury made timely assessments against Lain for

unpaid federal income taxes (Form 1040), penalties, interest, and other statutory additions as

follows:

| Tax Type | Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance* |
|---|---|---|---|---|---|
| 1040 | 1995 | 12/17/2012 | Tax Assessed: | $7,519.00 | |
| | | 12/17/2012 | Miscellaneous Penalty: | $5,451.28 | |
| | | 12/17/2012 | Failure to Pay Penalty: | $1,879.75 | |
| | | 12/17/2012 | Estimated Tax Penalty: | $410.50 | |
| | | 12/17/2012 | Interest Assessed: | $24,115.63 | |
| | | 11/24/2014 | Interest Assessed: | $2,336.82 | |
| | | 11/30/2015 | Interest Assessed: | $1,238.80 | $2,466.85 |
| 1040 | 1996 | 12/17/2012 | Tax Assessed: | $19,652.00 | |
| | | 12/17/2012 | Miscellaneous Penalty: | $14,247.70 | |
| | | 12/17/2012 | Failure to Pay Penalty: | $4,913.00 | |
| | | 12/17/2012 | Estimated Tax Penalty: | $1,045.98 | |
| | | 12/17/2012 | Interest Assessed: | $54,887.65 | |
| | | 11/24/2014 | Interest Assessed: | $5,668.22 | |
| | | 11/30/2015 | Interest Assessed: | $3,108.99 | $109,372.78 |

| Tax Type | Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance* |
|---|---|---|---|---|---|
| 1040 | 1998 | 12/17/2012 | Tax Assessed: | $30,173.00 | |
| | | 12/17/2012 | Miscelleanous Penalty: | $21,875.40 | |
| | | 12/17/2012 | Failure to Pay Penalty: | $7,543.25 | |
| | | 12/17/2012 | Estimated Tax Penalty: | $1,369.49 | |
| | | 12/17/2012 | Interest Assessed: | $63,294.40 | |
| | | 11/24/2014 | Interest Assessed: | $7,433.62 | |
| | | 11/30/2015 | Interest Assessed: | $4,077.29 | $143,437.44 |
| 1040 | 1999 | 12/17/2012 | Tax Assessed: | $2,202.00 | |
| | | 12/17/2012 | Miscelleanous Penalty: | $1,596.45 | |
| | | 12/17/2012 | Failure to Pay Penalty: | $550.50 | |
| | | 12/17/2012 | Estimated Tax Penalty: | $105.75 | |
| | | 12/17/2012 | Interest Assessed: | $3,967.69 | |
| | | 11/24/2014 | Interest Assessed: | $503.87 | |
| | | 11/30/2015 | Interest Assessed: | $276.37 | $9,722.58 |
| 1040 | 2000 | 12/17/2012 | Tax Assessed: | $1,560.00 | |
| | | 12/17/2012 | Miscelleanous Penalty: | $1,131.00 | |
| | | 12/17/2012 | Failure to Pay Penalty: | $390.00 | |
| | | 12/17/2012 | Interest Assessed: | $2,340.34 | |
| | | 11/24/2014 | Interest Assessed: | $324.32 | |
| | | 11/30/2015 | Interest Assessed: | $177.90 | $6,258.24 |
| 1040 | 2001 | 12/17/2012 | Tax Assessed: | $43,892.00 | |
| | | 12/17/2012 | Miscelleanous Penalty: | $31,821.70 | |
| | | 12/17/2012 | Failure to Pay Penalty: | $10,973.00 | |
| | | 12/17/2012 | Estimated Tax Penalty: | $1,754.12 | |
| | | 12/17/2012 | Interest Assessed: | $56,383.16 | |
| | | 11/24/2014 | Interest Assessed: | $8,664.13 | |
| | | 11/30/2015 | Interest Assessed: | $4,752.22 | $167,181.13 |
| 1040 | 2002 | 12/17/2012 | Tax Assessed: | $82,664.00 | |
| | | 12/17/2012 | Miscelleanous Penalty: | $59,931.40 | |
| | | 12/17/2012 | Failure to Pay Penalty: | $20,666.00 | |
| | | 12/17/2012 | Estimated Tax Penalty: | $2,762.39 | |
| | | 12/17/2012 | Interest Assessed: | $92,377.13 | |
| | | 11/24/2014 | Interest Assessed: | $15,458.91 | |
| | | 11/30/2015 | Interest Assessed: | $8,479.12 | $298,291.48 |
| 1040 | 2003 | 11/20/2012 | Miscelleanous Penalty: | $75,501.50 | |
| | | 11/20/2012 | Tax Assessed: | $104,140.00 | |
| | | 11/20/2012 | Failure to Pay Penalty: | $26,035.00 | |
| | | 11/20/2012 | Estimated Tax Penalty: | $2,686.94 | |
| | | 11/20/2012 | Interest Assessed: | $76,031.23 | |
| | | 11/24/2014 | Interest Assessed: | $45,965.39 | |
| | | 11/30/2015 | Interest Assessed: | $10,163.25 | $357,558.77 |

| Tax Type | Tax Period | Assessment Date | Assessment Amount and Type of Assessment | | Unpaid Balance* |
|---|---|---|---|---|---|
| 1040 | 2004 | 12/17/2012 | Tax Assessed: | $90,879.00 | |
| | | 12/17/2012 | Miscellaneous Penalty: | $65,887.27 | |
| | | 12/17/2012 | Failure to Pay Penalty: | $22,719.75 | |
| | | 12/17/2012 | Estimated Tax Penalty: | $2,604.32 | |
| | | 12/17/2012 | Interest Assessed: | $78,643.79 | |
| | | 11/24/2014 | Interest Assessed: | $15,598.49 | |
| | | 11/30/2015 | Interest Assessed: | $8,555.68 | $300,984.88 |
| 1040 | 2005 | 12/17/2012 | Tax Assessed: | $95,503.00 | |
| | | 12/17/2012 | Miscellaneous Penalty: | $69,239.68 | |
| | | 12/17/2012 | Failure to Pay Penalty: | $20,533.15 | |
| | | 12/17/2012 | Estimated Tax Penalty: | $3,830.77 | |
| | | 12/17/2012 | Interest Assessed: | $66,985.79 | |
| | | 11/24/2014 | Interest Assessed: | $15,320.79 | |
| | | 11/30/2015 | Interest Assessed: | $8,403.37 | $295,626.57 |
| **TOTAL:** | | | | | **$1,690,900.72** |

\* The unpaid balances are accurate as of May 16, 2017. All balances include accrued but unassessed interest as of these dates.

16. Timely notice was given and demand for payment of the assessments set forth in paragraph 15, above, was made to Lain, as required by 26 U.S.C. § 6303 of the Internal Revenue Code.

17. Despite timely notice and demands for payment of the tax assessments described in paragraph 15, above, Lain has neglected, refused, or failed to make full payment of the assessed amounts to the United States.

18. Lain filed a petition in the United States Tax Court, Docket No. 3480-10, to challenge the Internal Revenue Service's determinations of his liabilities for the tax periods in paragraph 15, above. On June 28, 2012, the United States Tax Court ordered that Lain was liable for taxes and penalties in the amounts reflected in paragraph 15, above.

19. Lain remains indebted for the balance of the assessments described in paragraph 15 above, plus accrued interest and statutory additions according to law, less any payments or credits.

6

20.     Since the date of the assessments described in paragraph 15, above, interest has accrued as provided by law. The total amount due and owning on the assessments described in paragraph 15, above, plus accrued but unassessed interest, computed to May 16, 2017, is $1,690,900.72.

## COUNT THREE: SEPTEMBER LIBERTY TRUST IS THE NOMINEE/ALTER-EGO/CONSTRUCTIVE TRUST OF LAIN AND/OR THE TRANSFER OF THE SUBJECT PROPERTY TO SEPTEMBER LIBERTY TRUST WAS FRAUDULENT

21.     The United States incorporates the allegations stated in paragraphs 1 through 20, above.

22.     Robert and Amelia Lain are the sole occupants of the Subject Property and utilize the Subject Property as their primary, personal residence.

23.     According to an "Affidavit of Contract and Declaration of Trust" signed by Robert and Amelia Lain, September Liberty Trust was created by Robert and Amelia Lain, along with an individual listed as Raymond Copp, on or around August 19, 1995. According to this document, Robert Lain was the initial trustee of September Liberty Trust, and he later appointed Amelia Lain as a co-trustee.

24.     In correspondence with financial institutions Lain spoke on behalf of September Liberty Trust, and deposited income from his oil field business into accounts in the name of September Liberty Trust.

25.     Lain paid the utilities, maintenance, and real estate taxes for the Subject Property, to the extent that they were paid. Lain also funded the payments to Ron and Faye White for the acquisition of the Subject Property. The above payments were often made by means of checks signed by Robert and Amelia Lain from an account in the name of September Liberty Trust.

7

26.     Lain maintains complete dominion and control over the Subject Property, and enjoys all the incident benefits and burdens of ownership.  September Liberty Trust has in no way interfered with Lain's enjoyment or use of the Subject Property.

27.     Based upon information and belief, September Liberty Trust exists solely for the purpose of holding title to the Subject Property or otherwise attempting to shelter Lain's assets from the Internal Revenue Service.

28.     Lain controlled September Liberty Trust at all relevant times.

29.     Lain made the transfer of the Subject Property to September Liberty Trust with actual intent to hinder, delay or defraud the United States, and the transfer was fraudulent under Wyo. Stat. Ann. § 34-14-205(a)(i).

30.     Lain made the transfer of the Subject Property to September Liberty Trust without receiving a reasonably equivalent value in exchange for the transfer, and was engaged in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction, or he intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due, and the transfer was fraudulent under Wyo. Stat. Ann. § 34-14-205(a)(ii).

31.     Lain made the transfer of the Subject Property to September Liberty Trust without receiving a reasonably equivalent value in exchange for the transfer, and was insolvent at the time of the transfer or became insolvent as a result of the transfer, and the transfer was fraudulent under Wyo. Stat. Ann. § 34-14-206(a).

32.     To the extent that September Liberty Trust holds an interest in the Subject Property, it does so as the nominee/alter-ego/constructive trust of Lain.  Any claim or interest in the Subject Property by September Liberty Trust is fraudulent and/or non-existent.  Any such

8

claims were part of a scheme to defraud creditors of Lain, including the United States, and have no merit.

## COUNT FOUR:  FORECLOSE FEDERAL TAX LIENS

33.     The United States incorporates the allegations stated in paragraphs 1 through 32, above.

34.     Pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens for unpaid tax liabilities arose in favor of the United States as of the dates of all of the assessments described in paragraph 15 above, against all property or rights to property, whether real or personal, belonging to Lain, including the Subject Property. In addition, said liens immediately attached to all after-acquired property or rights to such property.

35.     The tax liens arising from the assessments described in paragraph 15, above, continue to attach to the Subject Property and have priority over all interests in the Subject Property acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a).

36.     Under 26 U.S.C. § 7403(c), the United States is entitled to enforce its federal tax liens and judgment lien against the Subject Property, which should be sold free and clear of all rights, titles, liens, claims, and interests of the parties to this action, with an appropriate portion of the net proceeds to be distributed to the United States for application toward the unpaid federal tax liabilities of Lain in accordance with the law.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, the United States of America, prays that the Court adjudge and decree as follows:

A.     That this Court determine and adjudge that Lain is indebted to the United States for the assessments described in paragraph 15, above, in the amount of $1,690,900.72, as of May 16, 2017, less any subsequent payments or credits, plus interest and other statutory additions, as provided by law, and that judgment in that amount be entered against Lain and in favor of the United States;

B.     That this Court determine and adjudge that the United States has valid federal tax and judgment liens against all property and rights to property of Lain, including, but not limited to, his interest in the Subject Property;

C.     That this Court determine and adjudge that September Liberty Trust holds title to the Subject Property as the nominee/alter-ego/constructive trust of Lain, that the United States has valid and subsisting federal tax liens against September Liberty Trust as the nominee/alter-ego/constructive trust of Lain, and that such liens attach to the Subject Property;

D.     That the Court determine and adjudge that the transfer of the Subject Property to September Liberty Trust was fraudulent;

E.     That the Subject Property be sold with the proceeds applied to the delinquent federal tax liabilities of Lain;

F.     That to the extent proceeds for the sale of the Subject Property fail to satisfy the tax liens against Lain, a deficiency judgment in that amount be entered against Lain; and

G.     That the United States be granted its costs and fees herein, and such other and further relief as this Court deems just and proper.

Respectfully submitted this _29th_ day of June, 2017,

JOHN R. GREEN
Acting United States Attorney


C. LEVI MARTIN
Assistant United States Attorney