Robert F. Lain
3 Chapel Rd
Big Piney, Wyoming 83113
Defendants



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|    Plaintiff, ) | Civil No. 17-CV-113-J |
| v. ) | |
| ROBERT F. LAIN, AMELIA LAIN, and ) | MEMORANDUM |
| SEPTEMBER LIBERTY TRUST, ) | |
|    Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF Robert F. Lain's "SPECIAL APPEARANCE" and MOTION TO JOIN MOTIONS
UNDER RULE 12(g)(1) & (2) and MOTION FOR MORE DEFINITE STATEMENT under
Rule 12(e) and MOTIONS' AND MOTIONS' TO DISMISS UNDER RULE 12(b) (2), (4)
and (6)

1.   In the interest of preventing an unjust outcome to this proceeding and considering the elements of Fraud and related activity in connection with identification documents, authentication features, and information under 18 USC § 1028, Robert F. Lain preserving the right to the Rule 12(b) defenses, request the courts indulgent in his "special appearance" to discover the facts relied upon by claimant in his quest to reduce an alleged assessment against ROBERT F. LAIN to judgment and foreclose on alleged federal tax liens on property properly held in trust by September Liberty Trust.

2.   Whereas "Special Appearance" was alive and well until around 1938 for the purpose of challenging personal jurisdiction to prevent identity fraud and preserve justice and the rule of law, after the enacting of the Social Security Act in 1935, special appearance coincidently was replaced with Rule 12. In *(Gerber v. Riordan, et al., No.*

*09-3790, 11a0225 p. 06 (Aug. 18, 2011))* However the Sixth Circuit appears to have revived the obsolete procedure known as a "special appearance". It was noted by the majority that, an attorney must be wary, least he later be deemed to have unknowingly waved his clients right to contest personal jurisdiction. . Lack of personal jurisdiction objection may be waived if not properly raised in a Rule 12(b) motion. FED. R. CIV. P. 12(h)(1).

3.     Robert F. Lain asserts that the Social Security Number is the lynch pin of the Identity Fraud and that ROBERT F. LAIN is an impersonator created by the Federal Corporation called United States. If the true defendant is the impersonator (Robert F. Lain) a creation of the plaintiff, then the natural person Robert F. Lain cannot be the defendant. The evidence is contained in the meaning of the term *Social Security coverage* found in 66 FR 15606 Corrections of Retirement Coverage Errors Under the Federal Erroneous Retirement Coverage Correction Act 5 CFR PARTS 831, 839, 841 and 846 Dated March 19, 2001(*Social Security coverage* means service as a **Federal employee** that is employment under 210 of the Social Security Act (42 U.S.C. 410) and is **subject** to Social Security Taxes.)... (*Social Security taxes* means the Old Age, Survivors, and Disability Insurance taxes imposed on employees under section 3101(a) of the Internal Revenue Code of 1986 (31 U.S.C. 3101(a) and on employers under section 3111(a) of the Internal Revenue Code of 1986 (31 U.S.C. 3111(a)), Robert F. Lain is not a Federal employee, or employer, or knowingly under any federal contract, treaty or agreement, and therefore cannot be subject to the Social Security tax or the Federal Income Tax which is the claim by the Plaintiff, and therefore Robert F. Lain cannot be the Defendant in this action requiring the court to grant Robert F. Lain's

Motion to Dismiss under Rule 12 (b) (2) Lack of Personal Jurisdiction. . Dismissal for lack of personal jurisdiction under Rule 12(b)(2) is a dismissal without prejudice, not with prejudice, because it is not a judgment on the merits. Guidry, 188 F.3d at 623 n.2. Personal jurisdiction is an essential element of the jurisdiction of a court, without which the court is powerless to proceed to an adjudication. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999). A court must have both subject matter and personal jurisdiction before determining the validity of a claim. Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994). Lack of personal jurisdiction objection may be waived if not properly raised in a Rule 12(b) motion. FED. R. CIV. P. 12(h)(1).

4.     Pursuant to 18 USC §3002 @ 15 and 15A the "United States" means- (A) a Federal Corporation; (B) an agency, department, commission, board, or other entity of the United States; or an instrumentality of the United States. If the United States is a Federal Corporation then (a) who or what is the UNITED STATES OF AMERICA, and (b) who or what is ROBERT F.LAIN and (c) what mechanism of law makes Robert F. Lain subject for the Federal Taxes assessed against the Federal corporate creation, employee, alter-ego, fictitious entity known as ROBERT F. LAIN and (c). Without sufficient fact to prove Robert F. Lain is a Federal employee, employer, vendor, or State employee under Social Security Act Section 218 Agreement, Robert F. Lain's Motion under Rule 12 (b) (4) Insufficient Process is warranted wherein Rule 4(a) specifies the requirements: name of court and parties: directed to the defendant ... . A motion to dismiss under Rule 12 (b) (4) requires the defendant to establish insufficient process under Rule 4(a) of the Federal Rules of Civil Procedure. *Hoffman v. Bailey,* 996 F. Supp. 2d 477, 481 (E.D. La 2014). This Objection concerns the form of process rather

3

than the manner or method of its service. *Garlin v. Par Pharm. Cos., Inc.*, 289 Fed. Appx. 688, 691 n.3. (5th Cir. 2008) (citing 5BC. Wright & a. MILLER, FEDERAL, PRACTICE AND ROCEDURE: CIVIL 3 d § 1353). Should the Court not find insufficient process from the foregoing evidence then Robert F Lain's Motion for a more Definite Statement should be granted. Rule 12(e) entitles a party to a more definite statement when a portion of a pleading to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. Swierkiewicz, 534 U.S. at 514.

5.    In its INTRODUCTION, UNITED STATES OF AMERICA asserts this is a civil action timely brought by the United States to: (i) reduce to judgment the outstanding federal tax assessment against Defendant Robert F. Lain ("Lain"). However, the complaint clearly shows the plaintiff to be the "UNITED STATES OF AMERICA" not the "United States", and the Defendant to be "ROBERT F. LAIN" styled in all capital letters, which is consistent with all Internal Revenue Service (IRS) correspondence. Such perversion is not permitted by the United States Style Manual or general writing format, therefore incorporating the facts contained in paragraphs 3 and 4 the complaint must fail under Rule 12 (b) (2) Lack of Personal Jurisdiction, and Rule 12 (b) (4) Insufficient Process. Also, Rule 4(a) specifies the requirements for a summons: Name of Court and parties, directed to the defendant. Rule 4(c) mandates that a summons be served on the defendant with a copy of the complaint. If ROBERT F. LAIN is not "Robert F. Lain" then the Summons was served on the wrong person requiring dismissal without prejudice under Rule 12(b)(5). Where the alleged defect is that the defendant is

misnamed in the summons, the form of process could be challenged under Rule 12(b)(4) on the theory that the summons does not properly contain the names of the parties. Alternatively, it could be challenged under Rule 12(b)(5) on the ground that the wrong party -- a party not named in the summons -- has been served. Gartin, 289 Fed. Appx. at 691 n.3 (citing 5B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1353).

6. Under Rule 12 (b) (6) of the Federal Rules of Civil Procedures, a Court should dismiss an action with prejudice if plaintiff fails to Failure to State a Claim Upon Which Relief Can Be Granted, Under the motion to dismiss standard, all well-pled factual allegations are to be taken as true and reasonable inferences drawn in favor of the plaintiff. *Jackson v. E.J. Brach Corp.,* 176 F. 3d 971, 977-78 (7th Cir. 1999). "However, [a] complaint which consist of conclusory allegations unsupported by factual assertions fails even the liberal standards of Rule of 12 (b) (6)."*Id. at 978.* (i) If the proffered evidence by plaintiff do not show the UNITED STATES OF AMERICA to be a Federal Corporation, then (ii) articulate whom the injured party might be and how the injury occurred. Failure to by the plaintiff to proffer such evidence would suggest the plaintiff knowingly attempted, and successfully committed an unlawful act of Identity Fraud and this Court should grant Robert F. Lain's Motion to Dismiss, under Rule 12 (b) (6). . In ruling on a Rule 12(b)(6) motion, when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Iqbal, 556 U.S. at 679 (pleadings that are "no more than conclusions . . . are not entitled to the assumption of truth"). b. Although facts properly alleged must be construed in favor of the plaintiff, a court need "not accept as

true conclusory allegations, unwarranted factual inferences, or legal conclusion." Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010); see also Iqbal, 556 U.S. at 678 (court is not required to accept mere legal conclusions as true). Thus, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993); see also Jebaco, Inc. v. Harrah's Operating Co., Inc., 587 F.3d 314, 318 (5th Cir. 2009) (allegations amounting to mere labels and conclusions or containing a formulaic recitation of the elements of the cause of action will not suffice). At the filing of this case the plaintiff is merely alleging conclusory allegations and legal conclusions regarding who the Plaintiff is, who the Defendant is and leaves questions as to who the attorneys are and by what authority they are making appearance in this case.

7. Pursuant to Federal Rules of Civil Procedure 12 (e), and 12(b)(2), (4) and (6), Robert F. Lain request that this court order plaintiff UNITED STATES OF AMERICA to provide a more definite statement with fact evidence identifying the parties of interest in its Complaint, because it contains ambiguities that prevent Robert F. Lain from reasonably addressing whether the "UNITED STATES OF AMERICA" and the "United States" are one and the same entity, and whether "ROBERT F. LAIN" and" Robert F Lain" are one and the same person, and if the proffered evidence shows that UNITED STATES OF AMERICA and the United States are one and the same entity please proffer the fact evidence, law, contract or treaty and Corporate Charter that subjects Robert F. Lain to any Federal Corporation's alleged Income Tax laws. And show by fact evidence by what authority a private or public Corporations administers any laws.

Conclusion

6

With all the clever elaborate schemes to commit Identity Fraud at play in today's world, protecting ones identity from would be schemers is paramount to protecting ones financial information, property, credit scores and money and/or wealth, therefore this Court should grant Robert F. Lain's "Special Appearance" to challenge the sufficiency of the pleading, and Lack of Personal Jurisdiction, and if the Court is not satisfied with objections to personal jurisdiction or insufficient process, and the motions fail in that regard, then grant Robert F. Lain's Motion for a More Definite Statement so that the plaintiff can clarify who the parties are, and how Robert F. Lain and ROBERT F. LAIN are one and the same, and how the UNITED STATES OF AMERICA and the Federal Corporation "United States" are one and the same and which entity suffered the injury, and how Robert F. Lain become subject to the Jurisdiction of a Federal Corporation in the first place. Also clarify the employment of the attorneys for the plaintiff. It appears two attorneys are employed by the Federal Corporation under 18 USC §3002 @ 15 and 15A, and the Trial Attorney is employed by another Corporation, "U.S." Department of Justice. Please explain who these individuals are employed by, and who their employers are, by proffering their employment contract and the business license, and/or Corporate Charters, of their employers, so that Robert F. Lain and this Court can determine if either of these entities has standing to bring this action.

In the interest of exposing possible criminal behavior, because it appears at this point that all the elements of Identity Fraud under 18 U.S.C. § 1028 are present, which are summarized in Virginia, where prosecutors must prove that the following occurred to secure a conviction: 1. The defendant had access to the private indentifying or financial information of another person, which can be used to obtain documents or seek gain

7

from that information. 2. The defendant obtained some money, items, or other valuables by using another person's identity. 3. The defendant obtained a false ID or self-identified as that person. 4. The defendant acted as a police officer or some other law enforcement official in order to obtain the other person's identifying information. By simply inserting the United States, for defendant and Robert F. Lain as person or other person, and Federal Corporation's straw-man with name styled in all capital letters was how it was done.

The Webster's Dictionary states that Fraud means Deceit, Trickery, intentional perversion of truth in order to induce another to part with something of value or surrender a legal right. Blacks Law Dictionary adds "A false representation of a matter of fact, whether by words or conduct, by false or misleading allegations, or by concealment of that which should have been disclosed, which deceives and is intended to deceive another so that he shall act upon it to his legal injury." Please, proffer the law that grants permission to disregard the United States Style Manuel in regard to the usage of the adulterated proper names styled in all Capital letters, by any form of Government, be it National, State, District of Columbia, Puerto Rico or a Federal Corporation impersonating a National Government, or Department, Judiciary or Agency of the National Government created by "We the People.

Dated   July 24, 2017

Respectfully submitted

Robert F. Lain
3 Chapel Rd
Big Piney, WY 83113
Ph # 307-276-5256

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Robert F. Lain's "Special Appearance" Motions' to Join motions, Motion to Dismiss under Rule 12 (b) (2), for Lack of Personal Jurisdiction, and Motion under Rule 12 (b)(4) for Insufficient Process, and Motion under Rule 12(b)(6) for Failure to State a Claim upon Which Relief can be granted, and Memorandum of points and authorities, was served by U.S. Mail or other acceptable carriers on 24 day of July, 2017, postage paid to the following:

John R. Green
Acting United States Attorney
C. Levy Martin (WY 6-3781)
Assistant United States Attorney
2120 Capital Avenue, Room 4002
Cheyenne, Wyoming 82001

_____
Robert F. Lain

Chelsea Paul - Notary Public
County of Sublette
State of Wyoming
My Commission Expires 4-1-2019

State of  **Wyoming**

County of  **Sublette**

This **Motion to dismiss** signed or attested before me on
<sub>Title of document being signed or attested to</sub>

**September 21, 2017** by **Robert Freddie Lain**.
<sub>Date</sub>                                    <sub>Name(s) or Person(s)</sub>

(Seal)   Chelsea Paul - Notary Public
County of Sublette — State of Wyoming
My Commission Expires 4-1-2019

*Chelsea Paul*
Signature of Notarial Officer

**Notary Public**
Title (e.g. Notary Public) OR Rank (Rank if officer in active military)

My commission expires:   **April 1, 2019**